**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: SABRA ALBRITTON, <br><br> Debtor, <br> ─────────────── <br> SABRA ALBRITTON, <br><br> Appellant, <br><br> v. <br><br> STANLEY J. KARTCHNER; et al., <br><br> Appellees. | No. 10-60026 <br><br> BAP No. 08-1333-DuJuPa <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Jury, and Pappas, Bankruptcy Judges, Presiding

Submitted October 25, 2011[**]

Before:    TROTT, GOULD, and RAWLINSON, Circuit Judges.

Sabra Albritton appeals pro se from the Bankruptcy Appellate Panel's

judgment affirming the bankruptcy court's order granting Countrywide Home

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Loans, Inc.'s motion for relief from an automatic stay with respect to certain real property. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We may affirm on any ground supported by the record, *Stevens v. Nw. Nat'l Ins. Co. (In re Siriani)*, 967 F.2d 302, 304 (9th Cir. 1992), and we affirm.

The bankruptcy court did not abuse its discretion by granting relief from the automatic stay with respect to certain real property because the real property at issue was not property of the bankruptcy estate, and Albritton had no equity in that property. *See* 11 U.S.C. § 362(d)(1), (2) (allowing bankruptcy court to grant relief from the stay either for cause or with respect to property in which the debtor has no equity and which is unnecessary to an effective reorganization); *Moldo v. Matsco, Inc. (In re Cybernetic Servs., Inc.)*, 252 F.3d 1039, 1045 (9th Cir. 2001) (reviewing for an abuse of discretion the bankruptcy court's decision to grant relief from an automatic stay).

Albritton's remaining contentions are unpersuasive.

Countrywide's opposed motions for sanctions and to strike, filed on July 12, 2010, are denied.

Albritton's opposed motion to file an amended reply brief, filed on

December 16, 2010, is granted.

**AFFIRMED.**

10-60026